## CHARLES STEWART v. THE CAMDEN AND AMBOY RAILROAD COMPANY.

1. In an action of ejectment, the defendant, by the fifty-first section of the practice act of 1855, (*Nix. Dig.* 671) may give in evidence under the statutory plea, which amounts to the general issue, any title which confers a present right of possession. Under that plea, the defendant may avail himself of any defence that could be made under the general issue, by the former proceedings in ejectment.

2. Where a sheriff improperly returns a writ of summons in ejectment, with an affidavit that the defendant was actually in possession of the premises claimed, or some part thereof, the affidavit is part of the return to the writ, and, by the fifth section of the act, may be shown to be untrue. In such case, the proper practice is, to apply to the court to set aside the return in that respect. And if, on the hearing of such application, it appears that the defendant was not, at the time of issuing the summons, in possession, the court will permit him to disclaim, and will set aside the return to that extent, upon condition that he permits the plaintiff to take judgment by default for the recovery of the premises, leaving the plaintiff to recover his costs in an action for mesne profits.

3. In an action for mesne profits, the plaintiff cannot recover damages, or the costs of the ejectment suit, when judgment has been permitted to go by default, unless he proves that the defendant was actually in possession of the premises, or some part thereof.

4. A defendant in ejectment is entitled to have the premises claimed, described with so much particularity that he may know the boundaries thereof. This information he is entitled to before he pleads, and if the

summons and declaration are defective in this respect, an amendment will be ordered by the court, or a judge, on an application therefor, under the fifty-third section of the act. *Nix. Dig.* 671.

In ejectment.

Application was made to the court, by the defendants, (1) for permission to plead specially, in order to avail themselves of such title to the land in question as they may have acquired under their charter; and (2) for liberty to deny, at the trial, that they were in the possession of the premises claimed, or of some part thereof, in such a manner as to subject them to an action of ejectment to recover the possession thereof; and (3) for an order, that the plaintiff amend the description of the premises claimed, so as to set out the same with more particularity.

Argued at February Term, 1868, before Justices BEDLE, DALRIMPLE, and DEPUE.

For the application, *R. Gilchrist* and *J. P. Bradley.*

Contra, *James Wilson* and *P. D. Vroom.*

The opinion of the court was delivered by

DEPUE, J. The application, on the part of the defendants, for leave to plead specially, is denied as unnecessary. By the fifty-first section of the practice act, of 1855, (*Nix. Dig.* 671*) any lawful defence to the action, not inconsistent with the other provisions of the act, may be given in evidence, under the statutory plea, which amounts to the general issue. Whether the right of the defendants, in the lands claimed, is a mere easement of a right of way, an incorporeal hereditament, the existence or extent of which cannot be tried in an action of ejectment, or is a right of possession which is title, and is the kind of title drawn in question in an action of ejectment, it is not necessary to decide on this application. It is sufficient, for present purposes, that if the defendants have acquired any title under their charter, or otherwise,

---

* *Rev.*, p. 327, § 12.

which will avail them in this suit, it may be given in evidence, under the statutory plea of the general issue, without a special plea. Under that plea, a defendant may avail himself of any defence that could be made under the general issue, by the former proceedings in ejectment.

The defendants also apply for permission to deny, at the trial, that they are or have been in the possession of the premises claimed, or of some part of them, in such a manner as that an action of ejectment can be maintained against them. The summons in ejectment is returned by the sheriff, with an affidavit that the defendants were, at the time of the service, actually in possession of the premises claimed. By the fifty-fourth section of the act, when it appears, by the affidavit of service, that the defendant was actually in possession, if judgment is allowed to go by default, the plaintiff is entitled to recover, by the same judgment, his costs, and to have execution therefor, including the costs on the writ of possession, against the defendant named in the summons. This affidavit is part of the return of the sheriff to the writ, and is not conclusive; but by the fifth section of the act, (*Nix. Dig.* 665*) may be shown to be untrue. Not, however, in the manner applied for in this case, by framing an issue to be sent down for trial in connection with the defendants' plea of title. That course is inconsistent with the fifty-second section of the act, (*Nix. Dig.* 671†) which declares that the plea of the defendant shall, for the purposes of that action, be construed as an admission that the defendant is in possession of the premises for which he defends, at the time of the commencement of the action, and is not within the equitable control over the action given by the seventy-ninth section, (*Nix. Dig.* 675‡) which extends no further than to authorize the court to exercise over the proceedings such jurisdiction and control as will insure a trial of the title only.

Where a sheriff improperly returns the summons, with an affidavit that the defendant named therein was in actual possession, the proper practice is, for the defendant to apply to

---

*Rev.*, p. 855, § 48.　　†*Rev.*, p. 327, § 43.　　‡*Rev.*, p. 333, § 54.

the court to set aside the return so far as relates to the defendant being in possession; and if, upon the hearing of that application, it appears that the defendant was not, at the issuing of the summons in ejectment, in possession, the court will permit him to disclaim, and will set aside the return to that extent, upon condition that he permits the plaintiff to take judgment by default, for the recovery of the premises, leaving the plaintiff to recover his costs in an action for mesne profits.

The defendants, in this case, proposed to defend for part of the premises. An application, therefore, to set aside the sheriff's return is not made. But it was supposed that it is necessary, to obtain permission, to deny possession of the residue not defended for, in order to escape liability for costs. That view is based upon a misapprehension of the true construction of the fifty-fifth section of the act. By that section, if a plea is filed, limiting the defence to a part only of the premises, the plaintiff will be entitled to a judgment that he recover possession of the part not defended for, upon which he may have a writ of possession, but he must recover his costs in an action for mesne profits, as before the passage of the act. Under the former proceedings in ejectment, if the person named in the declaration in ejectment as tenant in possession, did not appear and enter into the consent rule, but suffered judgment to go by default against the casual ejector, the costs in the ejectment suit were recovered as part of the damages, in an action for mesne profits. But in order to a recovery in such action, against the person named in the proceedings as the tenant in possession, the plaintiff must have proved, at the trial, that he was actually in the possession. Without proof that the defendant had been in possession, no recovery could be had for mesne profits or for costs. In this respect, the practice has not been altered by the act of 1855. As to the part not defended for in this case, the defendants will not be liable for costs, unless in a subsequent action for mesne profits they are shown to have been in possession thereof.

The defendants also allege that the premises are not de-

scribed in the summons and declaration with sufficient certainty. A defendant in ejectment is entitled to have the premises claimed described with so much particularity as that he may know the boundaries of the premises claimed. This information he is entitled to before he is called upon to file his plea, in order that he may be able to determine whether he will file a plea and defend for the whole of the premises claimed, or for a part of the same, or suffer judgment by default generally in the action. In this case, the description of the premises is faulty. On one side, the premises claimed are described as bounded on other lands of the plaintiff's without any further designation of the other lands. Inasmuch as the plaintiff claims the lands in question, and has brought his suit to recover them, such description manifestly conveys to the defendants no information as to the boundary of the premises claimed on that side. In this respect, the proceedings are defective, and the defendants, under the fifty-third section of the act, are entitled to an order that the declaration be amended in giving a more definite description of the lands claimed.

Let an order be entered accordingly. Defendants to plead in thirty days after service of an amended declaration upon them.

Justices BEDLE and DALRIMPLE concurred.